# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:05-CR-00368 |
| v. | : | |
| CHRISTOPHER BERRY | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a criminal case in which Petitioner Christopher Berry ("Berry") has moved to vacate, set aside, or correct his criminal sentence under 28 U.S.C. § 2255. For the reasons that follow, the motion is dismissed as untimely.

### BACKGROUND AND PROCEDURAL HISTORY

On October 7, 2008, Berry pleaded guilty to conspiracy to distribute more than 50 grams of cocaine base and conspiracy to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. (Doc. 852.) On January 29, 2009, Berry was sentenced to 156 months imprisonment and 5 years of supervised release to follow the term of imprisonment. (Doc. 919.) Berry did not appeal his conviction or sentence. On September 3, 2015, Berry filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). (Doc. 1069.) The court denied the motion on October 6, 2015. (Doc. 1074.)

Berry filed the instant motion on September 3, 2020. (Doc. 1144.) The motion was initially styled as an application for leave to file a second or successive

1

motion to vacate, set aside, or correct his sentence. (Doc. 1144.) In the motion, Berry argues that his criminal sentence should be reduced under the Fair Sentencing Act of 2010 ("FSA"). (*Id.*)

On September 25, 2020, the court announced its intention to treat the motion as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (Doc. 1145.) The court accordingly provided Berry an opportunity to withdraw his motion as required by *Castro v. United States*, 540 U.S. 375, 383 (2003) and *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999). (Doc. 1146.) Berry responded to the court's orders on October 22, 2020, and elected to have his motion treated as one under § 2255. (Doc. 1147.)

On November 16, 2020, the court issued an order for Berry to show cause as to why the case should not be dismissed as untimely. (Doc. 1148.) The court noted that there is a one-year statute of limitations for motions filed under § 2255 and noted that Berry likely needed to file his motion no later than August 3, 2011 to comply with that statute of limitations. (*Id.* at 2–4.) Berry was ordered to respond to the court's order on or before December 16, 2020. (*Id.* at 4.) To date, he has not responded to the court's order.

## DISCUSSION

Because Berry has not responded to the court's show-cause order, the court has reviewed whether his § 2255 motion is timely. The court finds that the motion

is time barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, the one-year statute of limitations begins to run from the latest of:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, there does not appear to be any governmental action that prevented Berry from filing a timely motion under § 2255. Similarly, there does not appear to be any Supreme Court case that announced a newly recognized right that is relevant to Berry's claim—his claim is based entirely on the language of the FSA and does not depend on a right newly recognized by Supreme Court precedent. Accordingly, the limitations period began to run from the latest of either (a) the date on which his judgment of conviction became final, or (b) the date on which facts supporting his claims could have been discovered through the exercise of due diligence. *Id.*

Neither of those dates falls within § 2255's one-year statute of limitations. Berry's judgment of conviction became final on February 13, 2009, *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (requiring defendant in criminal case to file notice of appeal within 14 days of the entry of judgment), and facts supporting his claim could have been discovered on the date the FSA was passed, August 3, 2010. The limitations period therefore expired on either February 13, 2010, which was one year from the date on which Berry's conviction became final, or August 3, 2011, which was one year from the date on which the FSA was passed. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Berry's motion is thus untimely because he did not file it until September 3, 2020, which was over nine years after the latest date on which the limitations period could have expired. (*See* Doc. 1144.)

Berry is not entitled to tolling of the limitations period under the equitable tolling doctrine, which allows a court to toll a limitations period when the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544

4

U.S. 408, 418 (2005)).  The petitioner bears the burden of showing that he is entitled to benefit from equitable tolling.  *Pace*, 544 U.S. at 418.  Here, Berry makes no argument as to why he is entitled to equitable tolling and accordingly fails to establish any extraordinary circumstances that would warrant equitable tolling of the limitations period.  Accordingly, because Berry's motion is untimely and is not subject to equitable tolling, the court will dismiss the motion as untimely.

## CONCLUSION

For the foregoing reasons, Berry's motion to vacate, set aside, or correct his criminal sentence is dismissed as untimely.  A certificate of appealability will not be issued because no reasonable jurist could disagree with the court's decision or conclude that the issues presented "are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  An appropriate order follows.

    s/Jennifer P. Wilson
    JENNIFER P. WILSON
    United States District Court Judge
    Middle District of Pennsylvania

Dated: January 14, 2021